IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEZLEE PINKERTON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| WAL-MART STORES, INC., WALMART, INC., WAL-MART STORES TEXAS, LLC D/B/A WAL-MART STORES TEXAS 2007, LLC, WALMART STORES TEXAS, LLC D/B/A DALLAS SUPERCENTER #5801, WAL-MART STORES TEXAS, LLC, WAL-MART ASSOCIATES, INC., WAL-MART STORES TEXAS, LP, WAL-MART, FEBREZE, PROCTER & GAMBLE DISTRIBUTING, LLC, PROCTER & GAMBLE MANUFACTURING COMPANY, PROCTER & GAMBLE U.S. BUSINESS SERVICES COMPANY, WALMART, PROCTER & GAMBLE, | § § § § § § § § § § § § § § § § | Civil Action No. 3:19-CV-2660-K |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants the Procter & Gamble Distributing, LLC, the Procter & Gamble Manufacturing Company, the Procter & Gamble U.S. Business Services Company, and Proctor & Gamble ("P&G")'s Second Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Brief in Support (Doc. No. 21). After reviewing the Motion, Response, Reply, record and applicable caselaw, the Court

1

**GRANTS** the Motion because Plaintiff Lezlee Pinkerton has failed to allege any plausible claims against P&G.

## I.      Factual and Procedural Background

In November 2017, Plaintiff was at a Walmart located at 7075 W. Wheatland Road, Dallas, Texas, when she tripped over a pallet that was allegedly sticking out from under a Febreze display stand and into the aisle. The pallet caused Plaintiff to "split her legs as she fell to the ground."

In October 2019, Plaintiff filed suit in 101st Judicial District Court of Dallas County, against Walmart Inc., formerly known as Wal-Mart Stores, Inc., Wal-Mart, Inc., Wal-Mart Stores Texas, LLC d/b/a Wal-Mart Stores Texas 2007, LLC, Wal-Mart Stores Texas, LLC d/b/a Dallas Supercenter #5801, Wal-Mart Stores Texas, LLC, Walmart Associates, Inc., Wal-Mart Stores Texas, LP, Wal-Mart (collectively, "Walmart"), Proctor & Gamble Company, Proctor & Gamble Distributing, LLC, and Proctor & Gamble Manufacturing Company (collectively, "P&G"). P&G is the manufacturer of Febreze. Plaintiff alleged premises liability, negligent activity, negligence, and gross negligence against all Defendants and claim one million dollars in damages for physical pain in the past and future, mental anguish in the past and future, lost earnings in the past and future, damage to earning capacity, physical impairment in the past and future, medical expenses in the past and future, and exemplary damages. Plaintiff argued that Walmart was responsible as owner of the

store while P&G was liable because it "leased or controlled" the area where the display was placed.

P&G removed to federal court (Doc. No. 1) and filed a Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. 12(c) (Doc. No. 8) to which Plaintiff responded with an Amended Complaint with Jury Demand (Doc. No 14). P&G filed a Second Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. 12(c) (Doc. No. 21) on the grounds that Plaintiff has not stated any plausible claim for relief against any of the P&G entities. In the Response, Plaintiff agreed to dismiss the negligence and negligent activity claims against P&G. The Court examines the remaining claims of premises liability and gross negligence.

## II.   Applicable Law

The standard for determining a Rule 12(c) motion is identical to that under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313. To survive a motion to dismiss, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The determination of whether a pleading states a plausible claim for relief is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. In deciding a motion to dismiss

the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken. *Lovelace v. Software Spectrum Inc., U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

Under Texas law, a premises defect claim has four elements: (1) actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) that the condition posed an unreasonable risk of harm; (3) that the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner or occupier's failure to use such care proximately caused the plaintiff's injury. *Garcia v. Wal-Mart Stores Tex., L.L.C.*, 893 F.3d 278, 279 (5th Cir. 2018). "To recover for gross negligence in Texas, a plaintiff must satisfy the elements of an ordinary negligence or premises liability claim and demonstrate clear and convincing evidence of 'an act or omission involving subjective awareness of an extreme degree of risk, indicating conscious indifference to the rights, safety, or welfare of others.'" *Austin v. Kroger Texas, L.P.*, 746 F.3d 191, 196 n. 2 (5th Cir. 2014) (quoting *State v. Shumake*, 199 S.W.3d 279, 286 (Tex. 2006). Extreme risk "is not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff." *Mobile Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998).

III. Analysis

The question is whether Plaintiff has stated facts that would provide a claim for relief that is plausible on its face. Because Plaintiff failed to allege any facts beyond conclusory allegations that would establish P&G was an owner or occupier of the

premises where Plaintiff was injured, the Court finds that P&G is entitled to a judgment on the pleadings as to the premises liability claim. Because Plaintiff did not establish a claim for premises liability and conceded the negligence claim, the Court finds that Plaintiff has no basis to assert a gross negligence claim.

To recover on a claim of premises liability, Plaintiff must show: (1) actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) that the condition posed an unreasonable risk of harm; (3) that the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner or occupier's failure to use such care proximately caused the plaintiff's injury. *Garcia*, 893 F.3d at 279. P&G argues that Plaintiff failed to allege facts showing actual or constructive knowledge, that P&G failed to use reasonable care, or that P&G controlled or occupied the premises where Plaintiff was injured. P&G argues that Plaintiff instead relies on a formulaic recitation the elements. Plaintiff responds that it adequately alleged that Walmart provided and/or leased the space to P&G to display the Febreze product. Plaintiff alleges that, in concert with this leasing arrangement, P&G set up the display—which establishes P&G's knowledge of the hazard. Plaintiff argues that P&G failed to inspect its display, which would've been corrected if reasonable diligence had been exercised.

Because Plaintiff did not plead any specific facts beyond a mere recitation of elements establishing that P&G owned or controlled the premises, the Court finds that P&G is entitled to a judgment on the pleadings as to the premises liability claim. The

only allegation Plaintiff provides is that Walmart "provided or leased" the area to P&G. P&G argues that this is merely conclusory. Plaintiff responds that the allegation that P&G "leased or controlled" the premises is sufficient to show a plausible claim. The Court disagrees. Alleging that P&G controlled the area is a direct recitation of the elements. As for the allegation that a lease existed, the fact that the display contained a P&G product does not mean P&G leased the area. As P&G points out, this novel theory would subject it to premises liability in almost every store across the country due to the ubiquity of its products.

P&G also attached public records showing that the landowner is Walmart. In deciding a motion to dismiss the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken. Lovelace, 336 F.3d at 379. P&G attached a publicly available online search of Dallas Central Appraisal District records for "7075 W. Wheatland Road, Dallas, Texas" which shows the owner of the property to be "Walmart Real Estate Business Trust" and not any of the Procter & Gamble Defendants. Plaintiff's conclusions, without any specific factual support, do not permit it to proceed with this claim.

Because Plaintiff did not establish premises liability and conceded the negligence claim, there is no underlying claim for the gross negligence to attach to. "To recover for gross negligence in Texas, a plaintiff must satisfy the elements of an ordinary negligence or premises liability claim and demonstrate clear and convincing evidence of 'an act or omission involving subjective awareness of an extreme degree of risk, indicating

6

conscious indifference to the rights, safety, or welfare of others.'" *Austin*, 746 F.3d at 196 n. 2. Because Plaintiff cannot establish premises liability or ordinary negligence, she cannot proceed with the gross negligence claim.

## IV. Conclusion

Because Plaintiff conceded the negligence and negligent activity claim, the Court only examines whether Plaintiff stated a plausible claim for relief against P&G for premises liability and gross negligence. Because Plaintiff did not plead any specific facts beyond a mere recitation of elements establishing that P&G owned or controlled the premises, P&G is entitled to a judgment on the pleadings as to the premises liability claim. Because Plaintiff did not establish premises liability and conceded the negligence claim, there is no underlying claim for the gross negligence to attach to and P&G is entitled to a judgment on the pleadings for this claim as well. Because Plaintiff has failed to allege plausible facts establishing any claim against P&G, the Court **GRANTS** P&G's Second Motion for Judgment on the Pleadings (Doc. No. 21).

**SO ORDERED.**

Signed July 28th, 2020.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE